UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

JAMES JAYE JORDANOFF IV,           )
                                    )
            Plaintiff,              )
                                    )
v.                                  )      Case No. CIV-15-846-R
                                    )
RED ROCK ADULT BEHAVIORAL           )
HEALTH CENTER et al.,               )
                                    )
            Defendants.             )

## REPORT AND RECOMMENDATION

Plaintiff James Jaye Jordanoff IV, appearing pro se and proceeding *in forma pauperis*, has filed a Complaint under 42 U.S.C. § 1983 (Doc. No. 1) asserting several claims related to his mental health treatment at Red Rock Behavioral Health Services ("Red Rock"). United States District Judge David L. Russell has referred the matter to the undersigned for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. No. 4. The undersigned recommends the Court dismiss the Complaint on screening.

*I.    Plaintiff's Claims*

Plaintiff states he was admitted to Red Rock in March 2015 "for suicidal\homicidal id[e]ations" but does not explain whether his admission was voluntary or involuntary. Compl. at 4.[1] Plaintiff now sues Red Rock,[2] Red Rock's "Director/Board

---

[1] Citations refer to this Court's CM/ECF pagination.

[2] Plaintiff lists Red Rock, the entity, as a defendant in the style and text of his Complaint, but does not list Red Rock as a defendant in any particular claim. *See* Compl. at 1-8. The undersigned assumes that Plaintiff has attempted to sue that entity.

of directors, et al.," and Red Rock's "Nursing Staff/admini[s]tration" (collectively referred to herein as the "Red Rock Defendants"), alleging medical staff forced him to take a medication to which he has a known allergy. *Id.* at 1-4. Plaintiff alleges Red Rock's medical staff denied him access to the "qui[et] room" when a subsequent allergic reaction caused an "induced [psychosis]." *Id.* at 2-4. Allegedly fearing for his safety, Plaintiff broke a window, leading Red Rock officials to pursue the filing of criminal charges against him. *Id.* at 2, 4-5. According to Plaintiff, he is now facing a charge of assault and battery with a dangerous weapon. *Id.* at 2, 5-6. Based on these alleged facts, Plaintiff asserts: (1) Count I – a violation of his Eighth Amendment right to be free from cruel and unusual punishment; (2) Count II – "medical neglect"; and, (3) Count III – "Falsifying\Mis[]leading police investigation." *Id.* at 3, 6.

## II.     *Screening Standard*

Under Federal Rule Civil Procedural 12(h)(3), the Court must dismiss an action if "at any time" it determines it lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) ("The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." (alteration and internal quotation marks omitted)).

## III.    *Analysis*

Plaintiff has elected to bring suit under 42 U.S.C. § 1983, for which claim a showing that Defendants were acting "under color of state law" is "a jurisdictional requisite." *Polk Cnty. v. Dodson*, 454 U.S. 312, 315 (1981). In other words, "the only

proper defendants in a [§] 1983 claim are those who represent the state in some capacity . . . ." *Gallagher v. "Neil Young Freedom Concert"*, 49 F.3d 1442, 1447 (10th Cir. 1995) (internal quotation marks omitted). Because Plaintiff's allegations do not establish this jurisdictional requisite as to any named Defendant, the Complaint should be dismissed.

"Section 1983 was enacted to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1156 (10th Cir. 2016) (internal quotation marks omitted). "'The traditional definition of acting under color of state law requires that the defendant in a § 1983 action exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id.* (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988)).

Red Rock is a private mental health center located in Oklahoma City. *See* Red Rock Behavioral Health Services, http://www.red-rock.com (last visited May 9, 2016).[3] Because the State of Oklahoma does not own or operate this facility, Plaintiff must otherwise establish that the Red Rock Defendants' actions were taken under color of state law, for example by showing that such Defendants were a "willful participant in joint action with the State or its agents." *Schaffer*, 814 F.3d at 1157 (internal quotation marks omitted).

---

[3] The Court may judicially notice this information. *See O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007).

Using a standard § 1983 complaint form, Plaintiff checked "yes" to indicate Defendants acted under color of state law. Compl. at 1-2. But his reasoning—"Maintaining excuse of facility overcrowding for cause of action against plaintiff" and "Maintaining excuse of facility overcrowding for cause of action against defendant," *id.*—is nonsensical. Second, Plaintiff states he is currently incarcerated at the Cleveland County Detention Center and explains he has a pending lawsuit against jail officials for illegally obtaining medical records from Red Rock. *Id.* at 5. Plaintiff argues this tenuous connection "promot[es] [the] possibility that state[-]ran[4] facility hospital Red Rock is in some way or somehow, working in concert with police investigators to take revenge upon plaintiff for past civil suit . . . ." *Id.* While conspiracy or cooperation between state actors and nonstate actors may establish joint action, speculative allegations of the same are insufficient to do so. *See Fuller v. Davis*, 594 F. App'x 935, 940 (10th Cir. 2014) ("[W]e agree with the district court that the speculative and conclusory allegation of conspiracy [with a state actor] is [not sufficient to establish action under color of state law for a private individual and the private entity he works for]."); *cf. Kirby v. Dall. Cnty. Adult Probation Dep't*, 359 F. App'x 27, 33-34 (10th Cir. 2009) (affirming dismissal of conspiracy claim against unknown employees of detention center and explaining that "the liberal pleading standard under the federal rules 'does not unlock the doors of discovery

---

[4] Plaintiff's reference to Red Rock as a state-operated facility is disregarded as both conclusory and contrary to judicially noticed fact.

4

for a plaintiff armed with nothing more than conclusions'" (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009))).

Finally, the undersigned notes Plaintiff has not alleged state actors controlled the medical decisions at Red Rock, and, generally, private mental health professionals do not act under color of state law even when committing a patient involuntarily under state law. *See Wittner v. Banner Health*, 720 F.3d 770, 776 (10th Cir. 2013) (finding mental health hospital employees were not acting under color of state law, in part, because: "When the state regulates a private medical facility but does not mandate its employees to make particular decisions regarding patient care, we cannot say that the State is responsible for the physician's decision." (alteration, omission, and internal quotation marks omitted)); *see also Pino v. Higgs*, 75 F.3d 1461, 1466 (10th Cir. 1996) (holding private physician at private hospital did not act under color of state law in committing the plaintiff under a state "involuntary commitment statute").

In sum, Plaintiff has not alleged facts adequate to show that the Red Rock Defendants acted under color of state law, and this Court therefore lacks subject-matter jurisdiction over the suit. *See Dodson*, 454 U.S. at 336 (Blackmun, J., dissenting) ("If a defendant does not act under color of state law, a federal court has no power to entertain a § 1983 complaint against him."); *Wideman v. Watson*, 617 F. App'x 891, 893 (10th Cir. 2015) ("Nothing in the Complaint indicates either defendant is anything other than a private medical provider. Absent an allegation of action under color of state law, [the plaintiff's] § 1983 cause of action is so *patently without merit* as to justify the court's dismissal for want of jurisdiction." (internal quotation marks omitted)).

RECOMMENDATION

For the foregoing reasons, the undersigned recommends the Court dismiss Plaintiff's Complaint without prejudice for lack of subject-matter jurisdiction.

NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to file an objection to the report and recommendation with the Clerk of this Court by June 1, 2016, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Plaintiff is further advised that failure to make a timely objection to the Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge.

ENTERED this 11th day of May, 2016.

*Charles B. Goodwin*
_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE