# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMES JAYE JORDANOFF IV, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-15-846-R |
| | ) | |
| RED ROCK ADULT BEHAVIORAL HEALTH CENTER, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff filed this action asserting claims related to his mental health treatment at Red Rock Behavioral Health Services for the alleged violation of his constitutional rights. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) the matter was referred to United States Magistrate Judge Charles B. Goodwin for preliminary review. On May 11, 2016, Judge Goodwin issued a Report and Recommendation wherein he recommended the case be dismissed upon screening. The matter is currently before the Court on Plaintiff's timely Objection to the Report and Recommendation, which gives rise to the Court's obligation to conduct a *de novo* review of those portions of the Report and Recommendation to which Plaintiff makes specific objection. Having conducted this *de novo* review, the Court finds as follows.

Judge Goodwin recommended dismissal of this case pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure for want of subject-matter jurisdiction. He concluded that although Plaintiff pled his claims as arising under 42 U.S.C. § 1983, that

none of the Defendants is identified as acting "under color of state law," as required for reliance on § 1983. Judge Goodwin further concluded that Plaintiff's Complaint failed in any attempt to allege concerted action between the Red Rock Defendants and state officials.

In his objection Plaintiff notes that he suffers from schizophrenia and has not been receiving his medicines, and thus he should be appointed counsel. He then notes a new issue related to the absence of video surveillance at the nurse's desk at the Red Rock facility, which is apparently where an incident occurred that resulted in criminal charges against the Plaintiff. Plaintiff did not, however, make any attempt to overcome Judge Goodwin's conclusion that he failed to sufficiently allege a jurisdictional basis for his claims in light of the fact that Red Rock and the individual Defendants are not traditional state actors for purposes of § 1983 liability. Rather, Plaintiff requests an extension of time for mental health treatment and the appointment of defense counsel to assist in defending himself. However, this action is being pursued by Mr. Jordanoff rather than against him. As such, the Court declines his request for appointment of counsel. Furthermore, because it is apparent that Red Rock and its employees are not state actors and therefore not amenable to suit under § 1983, the Court hereby ADOPTS Judge Goodwin's recommendation and this action will be DISMISSED.

IT IS SO ORDERED this 27th day of June, 2016.

David L. Russell
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE